IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID A. ALLEMANDI, :
a/k/a Hermione Kelly Ivy Winter, :
                               :
        Plaintiff, :
                               :
        v. : Civ. No. 17-1432-LPS
                               :
DR. MUNOZ, et al., :
                               :
        Defendants. :

David A. Allemandi, a/k/a Hermione Kelly Ivy Winter, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

February 5, 2018
Wilmington, Delaware

{signature}

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff David A. Allemandi, a/k/a Hermione Kelly Ivy Winter ("Plaintiff"),[1] an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[2] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8) Plaintiff has also filed a request for counsel, two motions for a preliminary injunction, and a motion to consolidate cases. (D.I. 5, 7, 11, 12) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

On April 9, 2014, Plaintiff pled guilty to second degree rape and continuous sexual abuse of a child. *See Allemandi v. State*, Case No. 549, 2015 (Del.) at BL-36 (appendix containing *State v. Allemandi*, CRA # S13-09-0783 thru 0788, ID No. 1308015125, Apr. 9, 2014 plea agreement, Apr. 9, 2014 change of plea transcript, Apr. 10, 2014 sentencing transcript). Plaintiff was housed at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware, until a transfer to the VCC in August 2016. *See Allemandi v. Johnson*, Civ. No. 16-272-LPS at D.I. 8. Plaintiff, who identifies as a woman, has been diagnosed with gender dysphoria, and is awaiting gender reassignment surgery. Plaintiff alleges violations of her rights under the First, Fourth, Eighth, and Fourteenth

---

[1] Plaintiff filed an affidavit that her name is legally Hermione Kelly Ivy Winter, refers to a Delaware case, and asks the Court to update all records with her new name. The Court will use female pronouns to refer to Plaintiff.

[2] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived her of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Amendments of the United States Constitution, violations of the Equal Protection Clause, violations of the Delaware Constitution, and medical malpractice. (D.I. 3 at 13)

Plaintiff's claims are not delineated, but she seems to allege that she was denied medical treatment, medical treatment was delayed, there is an inadequate grievance system, she was subjected to unconstitutional strip searches, she was treated differently from other similarly situated inmates, she was denied a prison job, she was sexually harassed, prison employees failed to protect her from rape, and she was the victim of medical malpractice.

Plaintiff seeks injunctive relief and compensatory and punitive damages.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a

2

"clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See*

*Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Statute of Limitations

The Complaint refers to actions beginning in 2014. Plaintiff filed her Complaint on October 1, 2017.[3] For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

---

[3] The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998; *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Plaintiff's complaint was signed on October 1, 2107, and therefore, was delivered to prison authorities for efiling on or after that date. Giving Plaintiff the benefit, the Court concludes that Plaintiff's Complaint was filed on October 1, 2017, the date it was signed, and the earliest date possible that it could have been delivered to prison officials.

4

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. Nov. 30, 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Plaintiff complains of acts taken by numerous Defendants that began in 2014 and appear to have occurred prior to October 1, 2015. For example, the Complaint refers to acts taken by Defendants SCI Guard Charles ("Charles"), Dr. Potter ("Dr. Potter"), Chaplain Roy Russell ("Russell"), Therapist Pamela ("Therapist Pamela"), Counselor Heather Hamlett ("Hamlett"), and Internal Affairs Sgt. Hubb ("Hubb"). It is evident from the face of the Complaint that all claims that accrued prior to October 1, 2015 are barred by the two-year limitations period.

Because the foregoing actions are time-barred the Court will dismiss the § 1983 claims that occurred prior to October 1, 2015 as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Charles, Russell, Therapist Pamela, Hamlett, and Hubb will be dismissed as defendants as these are the only claims raised against them.[4]

**B.  Grievances**

As alleged in the Complaint, the majority of the named defendants had some type of involvement in the grievance submitted by Plaintiff and the grievance process. Plaintiff alleges that

---

[4] Plaintiff has raised other claims against Dr. Potter.

her grievances were ignored unprocessed, returned for filing as mental health issues, and denied or delayed (sometimes, or regularly, in a sexual demeaning manner) by Defendants Peter Osinubi ("Osinubi"), Dr. Munoz ("Dr. Munoz"), Lezley Sexton ("Sexton"), Adrian Harewood ("Harewood"), Arkava Smith ("Smith), Nurse Pamela Magee ("Magee"), Jefferson Fort ("Fort"), Katrina Burley ("Burley"), Laura L. Brackett ("Brackett), Stacie Collins-Young ("Collins"), Penny I. Davis-Wipf ("Davis') Matthew Dutton ("Dutton"), Terrell M. Taylor II ("Taylor"), Matthew Wofford ("Wofford"), and Pamela.[5] (D.I. 3 at 26) She also alleges that her grievances have been in limbo for six months at the final level, without response, and this has been caused by Defendants Brackett, Paul Harvey ("Harvey"), Bruce Burton ("Burton"), Teddy Tyson ("Tyson"), former VCC Warden David Pierce ("Pierce"), VCC Warden Dana Metzger ("Metzger"), Sgt. Atherholt ("Atherholt"), Sgt. Forkum ("Forkum"), Kelly Embert ("Embert"), James Scarbourgh ("Scarbourgh"), SCI Warden G. R. Johnson ("Johnson"), Sgt. Stinger ("Stinger"), Lt. Harrison ("Harrison"), Sgt. Warfield ("Warfield"), Paul Gauthier ("Gauthier"), Timothy Martin ("Martin"), Lead Job Lt. Stacie Seacourt ("Seacourt"), Sgt. Quileen ("Quileen"), Guard Charles ("Charles"), Sgt. Cain ("Cain"), Dr. Uniaz ("Dr. Uniaz"), and Capt. Boone ("Boone"). (*Id.* at 46)

The filing of prison grievances is a constitutionally protected activity. *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. Nov. 7, 2006). To the extent that Plaintiff bases her claims upon her dissatisfaction with the grievance procedure or denial of her grievances, the claims fail because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a

---

[5] Plaintiff has named two individuals called Pamela as defendants. It is not clear if Plaintiff is referring to Social Worker Therapist Pamela or Counselor Pamela.

constitutional claim, as Plaintiff is free to bring a civil rights claim in District Court. *See Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. July 28, 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

Plaintiff cannot maintain a constitutional claim based upon her perception that her grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss all grievance claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Medical Needs

Throughout 2016 and 2017, Plaintiff submitted numerous sick call slips for gender dysphoria treatment. Plaintiff alleges that all Defendants involved in the grievance process (*see* ¶ IV.B.) denied and delayed required treatment. In addition, Plaintiff alleges Dr. Potter did not treat the underlying gender dysphoria and refused to provide medications. (D.I. 3 at 21-22) Plaintiff alleges that when she was seen by Dr. Munoz, no treatment was provided. (*Id.* at 31) Plaintiff wrote to former VCC Warden Pierce about her medical situation and alleges Pierce stated the Department of Correction ("DOC") and the prison medical contract service provider Connections ("Connections") were separate. (*Id.* at 35)

Plaintiff alleges that it took three years, four months, and approximately twenty-three days to get a proper diagnosis. (D.I. 3 at 34) On March 17, 2017, Plaintiff was told that as a medical necessity she would receive female hygiene, approved cosmetics, and female undergarments but, as of September 25, 2017, they had not been provided. (*Id.* at 37-38) On March 22, 2017, Plaintiff was advised hormone replacement therapy ("HRT") would begin, but then Plaintiff was told there would be another three-month wait for the therapy. (*Id.* at 38)

7

In April 2017, Plaintiff was seen by Dr. Uniaz, who made it clear he would not recommend Plaintiff receive gender dysphoria treatment if Plaintiff refused to take certain medication and did not stop submitting sick call requests. (*Id.* at 39) On June 1 and July 30, 2017, Plaintiff wrote to Warden Metzger and requested treatment/cure, to no avail. (*Id.* at 40) On July 7, 2017, Plaintiff was seen by a new psychiatrist, who recommended Plaintiff be placed on HRT's as medically necessary. (*Id.* at 41) On August 21, 2017, Plaintiff was advised it was decided Plaintiff must undergo three more months of counseling before beginning HRT. (*Id.* at 44) Plaintiff commenced this action on October 1, 2017.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. Apr. 12, 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *See*

*Estelle*, 429 U.S. at 107. Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

The general claims against Defendants involved in the grievance process (*see* ¶ IV.B.) fail to state a claim. There are no specific facts alleged to allow the grievance Defendants to adequately respond to the Complaint. In addition, the claims against former VCC Warden Pierce and VCC Warden Metzger are not adequately alleged. At first blush, it appears that the wardens did not respond to Plaintiff's letters requesting medical treatment. However, it is far from clear if Plaintiff attempts to allege that wardens would not, or did not, approve required gender dysphoria treatment for non-medical reasons or other reasons. Therefore, the foregoing claims will be dismissed for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be given leave to amend the medical needs claim.

The Complaint alleges what appear to be cognizable medical needs claims against Drs. Potter, Munoz, and Uniaz.

### D. Medical Malpractice

The Complaint alleges medical malpractice. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. *See* 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury.

9

*See Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. Because Plaintiff alleges medical negligence, at the time she filed the complaint she was required to submit an affidavit of merit as to each defendant signed by an expert witness. *See* 18 Del. C. § 6853(a)(1). Plaintiff failed to accompany the Complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1). Therefore, the medical malpractice claims will be dismissed.

### E. Prison Job

On July 13, 2017, Plaintiff mailed a letter to Seacourt and requested a job. (D.I. 3 at 41) On July 27, 2017, Defendant Dr. Samantha Hollis ("Dr. Hollis")[6] medically cleared Plaintiff to work in the kitchen. (*Id.* at 41-42) Plaintiff learned the "kitchen changed [its] mind" on giving Plaintiff a job because "a pre-op transsexual there would cause too much drama and [Plaintiff] was being treated for seizures." (*Id.* at 42) Plaintiff complained of discrimination. (*Id.* at 44) Dr. Harewood advised Plaintiff it was not his problem, but the DOC's problem. (*Id.*)

Prisoners have no entitlement to a specific job, or even to any job. *See James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). It well-established that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a property interest under the Fourteenth Amendment. *See id.; see also Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) (inmates have no constitutional right to be assigned a particular job).

Plaintiff's claim fails as a matter of law. Therefore, it will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

---

[6] The Complaint names Stacie Hollis as a Defendant. The only "Hollis" referred to in the Complaint is Dr. Samantha Hollis. It is unclear if Stacie Hollis and Dr. Hollis are the same person. To the extent Stacie Hollis is named as a defendant she will be dismissed as she is not mentioned in the body of the Complaint.

F.  **Equal Protection**

Plaintiff alleges that all Defendants involved in the grievance process (*see* ¶ IV.B.) violated her right to Equal Protection under the Fourteenth Amendment when they failed to treat her equally to how they treated Kamilla D. London or Kai Short (apparently two transsexual female inmates).

To state a claim under the Equal Protection Clause, a prisoner must allege that she was treated differently from similarly-situated inmates. *See Saunders v. Horn*, 959 F. Supp. 689, 696 (E.D. Pa. 1996); *see also City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (noting that the Equal Protection clause "is essentially a direction that all persons similarly situated should be treated alike"); *Price v. Cohen*, 715 F.2d 87, 91 (3d Cir. 1983) ("To establish a violation of the equal protection clause, a plaintiff must show that [an] allegedly offensive categorization invidiously discriminates against [a] disfavored group.").

The general claims against Defendants involved in the grievance process (*see* ¶ IV.B.) fail to state a claim. There are no specifics alleged that would allow the grievance Defendants to adequately respond to the Equal Protection claim. Therefore, the foregoing claims will be dismissed for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be given leave to amend the Equal Protection claim.

G.  **Strip Searches**

Plaintiff alleges that the DOC ignores its strip search policy. Plaintiff alleges the policy mandates a male guard may strip search a transsexual female, like Plaintiff, only if a female guard is not around. (D.I. 27 at 49) Plaintiff alleges suffering countless demeaning strip searches while being sexually harassed by men. (*Id.*)

A prisoner's challenge to a strip search may be cognizable under 42 U.S.C. § 1983 through the Fourth or Eighth Amendments. *See Seymour/Jones v. Spratts*, 1990 U.S. Dist. LEXIS 193, *4 (E.D.

11

Pa. 1990) (citing *Bell v. Wolfish*, 441 U.S. 520, 558-60 (1979)). To raise a Fourth Amendment claim, the prisoner must allege that the strip search was unreasonable. *See Payton v. Vaughn*, 798 F. Supp. 258, 261-62 (E.D. Pa. 1992). Where a prisoner alleges that the strip search was conducted in a physically abusive manner, the Eighth Amendment applies. *See Jordan v. Cicchi*, 428 F. App'x 195, 199-200 (3d Cir. May 20, 2011) (explaining that excessive force claim arising from strip search may proceed under either Fourth or Eighth Amendments, but latter is "the primary source of protection after an individual's conviction"); *Robinson v. Ricci*, 2012 WL 1067909 n.6 (D.N.J. 2012) (in addition to possible Fourth Amendment violation, "Eighth Amendment may be implicated where the strip search or visual body cavity search was conducted in a brutish and unreasonable manner").

Plaintiff appears to challenge the strip searches as unreasonable under the Fourth Amendment. Plaintiff does not allege excessive force or any injury resulting from a strip search. Rather, the allegations are that the strip searches were "demeaning" when performed by a male guard.

The allegations do not rise to the level of a Fourth Amendment violation. Plaintiff does not refer to the manner of the strip search but, rather, that men performed the searches while sexually harassing Plaintiff. Finally, no individuals are named who allegedly performed the strip searches complained of by Plaintiff. Accordingly, the strip search claim will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

H. **Sexual Harassment**

Plaintiff alleges that on March 17, 2017, she wrote to Cain about sexual harassment and being hypersexualized, but received no response. She also made multiple mailings to Scarborough and Metzger, who also did not respond. (D.I. 3 at 38)

Allegations of sexual harassment of a prisoner by a corrections officer may state an Eighth Amendment claim under § 1983, so long as two elements are met. *See Walker v. Taylorville Corr. Ctr.*, 129 F.3d 410, 414 (7th Cir. 1997); *Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997); *Freitas v. Ault*, 109 F.3d 1335, 1338-39 (8th Cir. 1997); *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997). The objective element requires severe or repetitive sexual abuse of an inmate by a prison officer. *See Harris v. Zappan*, 1999 WL 360203, at *4 (E.D. Pa. May 28, 1999) (citation omitted). The subjective element is whether the official had a sufficiently culpable state of mind. *Id.* (citation omitted). However, a single isolated incident of sexual harassment that is not in and of itself severe, is not sufficient to satisfy the objective component of an Eighth Amendment claim. *See Boddie*, 105 F.3d at 857.

Here, Plaintiff does not describe the alleged sexual harassment. Rather, Plaintiff complains that various prison personnel were contacted regarding sexual harassment, after the fact. The Complaint does not allege conditions that are sufficiently serious to satisfy either component required for Eighth Amendment claim.

Accordingly, the claims against Cain, Scarbourgh, and Metzger will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). However, since it is possible that there are other individuals involved in the alleged sexual harassment, Plaintiff will be given leave to amend.

I.     **Failure to Protect**

Plaintiff alleges she was raped in 2014 while awaiting sentencing. (D.I. 3 at 16) Plaintiff alleges that as of January 20, 2017, Osinubi forced Plaintiff to live in quarters with a person who was raping her. (D.I. 3 at 33) Plaintiff told Embert she was raped while housed in the Security Housing Unit ("SHU"), and nothing was done. (*Id.* at 40) Stinger was personally informed of the rape, and he made it clear that Plaintiff "deserved it or had it coming for 'claiming to be a female in a male

13

prison.'" (*Id.*) Plaintiff requested a transfer to another location for safety and for medical reasons. (*Id.*) On August 7, 2017, Plaintiff mailed Boone about physical, mental, and medical danger, and requested a proper transsexual/transgender/or female ID. (*Id.* at 43)

To state an Eighth Amendment failure to protect claim, a plaintiff is required to show: (1) incarceration under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, *i.e.*, that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). *See Farmer*, 511 U.S. at 833-34; *see also Griffin v. DeRosa*, 153 F. App'x 851 (3d Cir. Nov. 3, 2005).

The failure to protect claim is not adequately pled. The Complaint does not indicate if Osinubi knew Plaintiff was being raped or knew that Plaintiff's rapist was housed in the same area. Plaintiff does not indicate when the rape or rapes occurred, and the Complaint does not indicate if Plaintiff was raped following her complaints to Embert, Stinger, and Boone.

Therefore, the failure to protect claim will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be given leave to amend the claim.

V. MISCELLANEOUS MOTIONS

A. Request for Counsel

Plaintiff seeks counsel on the grounds that she: (1) does not have ability to present this case; (2) is unskilled in the law and the issues are complex; (3) avers that the case may turn on credibility issues; and (4) cannot attain and afford counsel. (D.I. 5) Plaintiff states that counsel would serve the best interest of justice. In addition, Plaintiff states that the allegations, if proven, would clearly establish a constitutional violation.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.[7]

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *See Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting her request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, Plaintiff has shown the ability to

---

[7] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)(§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

represent herself in this case. Also, this case in its early stages, there is no operative complaint, and Defendants have not been served.

In light of the foregoing, the Court will deny without prejudice to renew Plaintiff's request for counsel. (D.I. 5) Should the need for counsel arise later, one can be sought at that time.

**B.     Injunctive Relief**

Plaintiff has filed two motions for injunctive relief. (D.I. 7, 11) The first motion is actually a proposed order for injunctive relief. (D.I. 7) The second motion states that Plaintiff is being denied basic needs that were previously approved, including shoes, panties, bras, and HRT. Plaintiff alleges the she was promised the items as well as hormone therapy.

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.*

Other than the blanket requests, Plaintiff provides nothing to support the requests for injunctive relief. In addition, the entities (*i.e.*, the Board, Medical/DOC/Mental Health) whom Plaintiff indicates are not providing the items and HRT are not named defendants. In light of the foregoing, the Court finds that Plaintiff has neither demonstrated the likelihood of success on the merits nor irreparable harm to justify the issuance of immediate injunctive relief. Therefore, the motions will be denied without prejudice to renew. (D.I. 7, 11)

C.  Motion to Consolidate

Plaintiff moves to consolidate Civ. Nos. 16-890-LPS, *Allemandi v. Mills*, Civ. No. 17-1322-LPS, *Allemandi v. Richman*, and this case. Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact . . . to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a).

The Court notes that each of Plaintiff's actions are at different stages. Here, as well, Plaintiff is being granted leave to amend her claims. Thus, the Court concludes that the motion to consolidate is premature. Therefore, the motion will be denied without prejudice to renew.

VI. CONCLUSION

For the above reasons, the Court will: (1) allow Plaintiff to proceed with what appear to be cognizable medical needs claims against Dr. Potter, Dr. Munoz, and Dr. Uniaz; (2) dismiss all claims against Guard Charles, Rory Russell, Therapist Pamela, Heather Hamlett, Sgt. Hubb, and Stacie Hollis/Samantha Hollis; (3) dismiss all claims that occurred prior to October 1, 2015 and all grievance, medical malpractice, prison job, and strip search claims as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); (4) dismiss for failure to state claims upon which relief may be granted all other medical needs claims (except those against Drs. Potter, Munoz, and Uniaz), and the equal protection, sexual harassment, and failure to protect claims, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); (5) allow Plaintiff to amend the medical needs claims, the equal protection, sexual harassment, and failure to protect claims; and (6) deny without prejudice to renew Plaintiff's request for counsel (D.I. 5), motions for injunctive relief (D.I. 7, 11), and motion to consolidate cases (D.I. 12).

An appropriate order will be entered.