IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Hermione K.I. Winter  :
    Plantiff,  :
    v.  :  Civ. No. 17-1432-LPS
Dr. P. Munoz, et al.,  :
    Defendants  :

Hermione K.I. Winter, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff

Appeal,
Response To February 5, 2018 District
Court Memorandum Opinion
AND
Amended Complaint
AND
Amended Defendants
AND
USM-285 Forms For
All Connections Employee's

February 26, 2018

~~[scratched out]~~

Smyrna, Delaware

FILED
MAR - 1 2018
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

① 

BW

## Amended Defendants

Unless otherwise stated all defendants address is as follows:

James T. Vaughn Correctional Center
1181 Paddock Road,
Smyrna, Delaware 19977

### Medical/Mental Health Defendants

1. Dr. P. Munoz
2. Laura L. Brackett, RN
3. Jim C. Penix, RN
4. Stacie Collins-Young, RN
5. Julie Amado, RN
6. Penny I. Davis-Wipf, RN
7. Melinda A. Lee, RN
8. Sabrina C. Gillis, RN
9. Lori L. Williams, RN
10. Carla Miller, Provider
11. Kathleen Potter, Dr.
12. Dr. Robin O. Timme
13. Dr. Cratissa Hammond
14. Dr. Richardson (RTC Head)
15. Timara (Therapist)
16. Virginia (Therapist)
17. Peter Osinubi (Therapist)
18. Arkava Smith, RN
19. Pamela Magee, RN
20. Matthew Wofford, Medical Director
21. Stephanie, Psycologist/MD
22. David Yunis (Psyciatrist)
23. Kelly (Head of RTC)
24. Adrain Harewood (Medical Director)

### Department of Corrections

25. Bruce Burton, Cpt.
26. Stinger, Sgt.
27. Bernard, Counselor
28. Wilfred Beckles, Sgt.
29. Forkum, Sgt.
30. Sennato, Staff Lt.
31. James Scarbourgh, Deputy Warden
32. Dana Metzger, Warden
33. Marc Richman, Bureau Chief
34. David Pierce, Prior Warden
35. Matthew Dutton, Grievance C/O
36. Katrina Burley, Grievance C/O

Page 1 of 35

(2)

Plaintiff Information

I. Winter, Hermione, K.I.    No Aliases
Prisoner ID # 662660
James T. Vaughn Correctional Center
1181 Paddock Road
New Castle, Smyrna, DELAWARE 19977

II. Convicted and sentenced State Prisoner

III. <u>Response To February 5, 2018 Memorandum</u>

I filed my original complaint on October 01, 2017. I am in no way an expert, have severe mental health issues (I am the Mental Health Institute Building For Long Term Terminal Patients, Medium Functioning) and this is my first time incarcerated in prison.

A. "In Delaware, §1983 claims are subject to a two-year limitations period." (Page 4, See 4)

I did not know this and it was repeatively beat into my head that I had no rights especially medical, none-the-less, the law is the law. So, I respectfully ask the courts to permit all prior filed claims related to this suit as entry of a character

Page ~~2 of 3~~

(3)

Profile (Picture if you will) and establishment of pattern of delliberate behavior. Instead of claims on which to seek relief purely. I also ask the courts to reference the JTVCC Kamilla D. London case.

B.  "To the extent that Plaintiff bases her claims upon her dissatisfaction with the grievance procedure or denial of her grievances, the claims fail because an inmate does not have a "Free-standing constitutional right to an effective grievance process." (see Page 6)

Due to my M.H. I soften have difficulting percieving how something is understanded by the recieving party. I was not intending my claim against the grievance process. Rather, my claim was and is against the individuals themselves. Said individuals had and have the power to ensure I recieve the proper, even if bare minium, adequate medical treatment for my serious medical need.

It is my understanding even as an inmate I have a constitional right to medical treatment for any and all serious medical needs.

Page ~~3~~ of 35

(4)

Furthermore, the U.S. Supreme Court has defined a serious medical need as anything a medical or mental health proffesional deems needing treatment.

The courts have determined Gender Dysphoria previously known as Gender Idenity Disorder when I was a child as a serious medical need.

Those individuals directly denied, withdrew, and continue to delay treatment/cares, any for that matter, delliberetly after acknowledging my need for feminizing HRT's (Hormone Replacement Treatments).

Furthermore, despite being fully aware of the ramifications of their delliberate indiffence they refused to act or acted in the opposing manner; contributing to self-surgery and suicide attempts and no care to stop me.

So, I respectfully ask the courts to reconsider and and back those defendants. I desperetly need a lawyer to sort out all this info and add necessary stuff. Plus this is very painful to write. See Hermione K.I. Winter v. Marc Richman, et al., 17-01322-LPS.

C. Claims against Warden Dana Metzger

and other Department of Correction officials or staff have been added or amended in enclosed Amended Complaint. (see pages )

D. "Plaintiff will be given leave to amend the medical needs claim." (see Page 9)

Have done so in/under "Amended Complaint" (see Enclosed); however, again due to the complexities of this case, my mental health condition, and phisical condition (e.g. see Civ. Action No. 17-01322-LPS) I really need legal representation. Therefore, another Motion of Counsel Need has been filed with this.

E. "Plaintiff failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853 (a)(1). Therefore, the medical malpractice claims will be dismissed." (see Page 10)

I simply request since I am pro se and not an expert of law and did not know this, that the court reconsider and give me ample leave to do so or provide legal representation.

F. "Prisoners have no entitlement to a specfic job, or even to any job. ... Plaintiff's claim fails as a matter of law." (see page 10)

My claim was and is not entitled to a job. Even inmates are not to be subjegated to discrimination, hate crimes, or intentional target labels putting the inmate at further delliberately known physical risk. Furthermore, while I am not entitled to a job I am entitled to equal treatment as any given inmate and the Delaware prisons are required to provide rehabilition. They aren't doing so.

So, in closing for part F, I ask the courts to reconsider and I have added updates to my claim under "Amended Complaint" (see Enclosed) further expanding on my actual claims having nothing to do with a sense of "entitlement" to a job.

6. "There are no specifics alleged that would allow the grievance Defendants to adequately respond to the Equal Protection claim." (see Page 11)

Please accept my "Amended complaint" (see enclosed) updating this.

H. "... no individuals are named who allegedly performed the strip searches..." (see Page 12)

This has been updated as an oversight in my "Amended Complaint" (see enclosed); furthermore, it has been ruled a male

Page 6 of ~~35~~

7

officer or employee of the prisons will NOT strip search a female or transsexual/transgender-female inmate without a female officer present or under extreme circumstances where a report must be filed. JTVCC policy AND action directly contradict this 100% of the time. See Patti Hammon Shaw v. District of Columbia, et al., 944 F. Supp. 2d 43; 2013 U.S. Dist LEXIS 67346, Civil Action No 12-0538 (ESH) (Decided 5/13/2013)

    For these three reasons I ask the court to allow my strip search claim as meritful.

I. Sexual Harassment Claim
    Amended Accordingly (see Enclosed)

J. Failure To Protect Claim
    Amended Accordingly (see Enclosed)

K. Miscellaneous Motions
    Resubmitted the Followin in e-File same day as this: Request For Counsel and Request For TRO.