IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERMIONE KELLY IVY WINTER, <br> formerly known as David Allen Allemandi, <br><br> Plaintiff, <br><br> v. <br><br> DR. P. MUNOZ, et al., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : Civil Action No. 17-1432-LPS <br> : <br> : <br> : <br> : |

## MEMORANDUM

1. **Introduction.** Plaintiff Hermione Kelly Ivy Winter ("Plaintiff"), an inmate at the James T. Vaughn Correctional Institution ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. She appears *pro se* and has been granted leave to proceed *in forma pauperis*. On February 5, 2018, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, dismissed several claims, and allowed Plaintiff to proceed against several Defendants. (D.I. 17, 18) She was also given leave to amend claims alleging medical needs, equal protection, sexual harassment, and failure to protect. (*Id.*) Several motions were denied at the same time. Plaintiff moves for reconsideration, to reinstate all previously-dismissed defendants and/or to provide counsel.[1] (D.I. 23)

2. During the course of this litigation, Plaintiff has filed numerous motions for injunctive relief. The Court denied her motions on March 26, 2018, and warned Plaintiff that future repetitive filings seeking the same or similar relief would be docketed and not considered. (D.I. 47) The next day, Plaintiff filed a motion for emergency help (D.I. 50) that seeks the same or similar relief and was docketed, but not considered. A few days later, Plaintiff filed a motion for new

---

[1] The Court will address Plaintiff's request for counsel in a separate order.

1

emergency help, claiming sexual assault and seeking a transfer to a different institution. (D.I. 51) At the same time, Plaintiff filed a motion for reconsideration of the March 26, 2018 memorandum and order that denied her motions for injunctive relief (on the grounds that her medical condition is not being monitored despite Defendants' claims to the contrary). (D.I. 52) Prior to filing the motion for reconsideration, Plaintiff filed a notice of appeal of the March 26, 2018 memorandum and order. (*See* D.I. 43)

3.  **Motion for Reconsideration**. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A proper Rule 59(e) motion must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

4.  Plaintiff's displeasure with this Court's rulings does not meet the requisites for reconsideration. Plaintiff has not set forth any intervening changes in the controlling law, new evidence, or clear errors of law or fact made by the Court. *See Max's Seafood Café*, 176 F.3d at 677. With regard to the screening order, Plaintiff was given leave to file an amended complaint to amend several claims. With regard to the denial of Plaintiff's motions for injunctive relief and given the gravity of the claims, the Court very carefully considered the evidence of record. Once again it has considered the filings of the parties and the evidence of record. However, Plaintiff has failed to demonstrate any of the aforementioned grounds to warrant a reconsideration. For these reasons, both motions for reconsideration will be denied. (D.I. 23, 52)

2

5.  **Injunctive Relief.** Plaintiff seeks injunctive relief, claiming sexual assault and seeking a transfer to a different institution. (D.I. 51) The VCC warden will be ordered to respond to the motion.

6.  **Conclusion.** The Court will: (1) deny the motions for reconsideration (D.I. 23, 52) and (2) will order the VCC warden to respond to the motion for injunctive relief found at Docket Item 51. An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

May 16, 2018
Wilmington, Delaware